RECEIVED

'Document Electronically Filed'
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JUN 2 6 2008

AT 8:30_____M
WILLIAM T. WALSH
CLERK

ZAZZALI, FAGELLA, NOWAK
KLEINBAUM & FRIEDMAN
ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5410
(973) 623-1822
EOH 4375
Attorneys for Petitioners

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 & 172 and LABORERS' LOCAL UNION NOS. 472 & 172 WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS; ZAZZALI, FAGELLA & NOWAK, KLEINBAUM & FRIEDMAN, P.A., <br><br> Petitioners, <br><br> v. <br><br> J.B. INC., <br><br> Respondent. | HON. Anne E. Thompson, U.S.D.J. <br> CIVIL ACTION NO.: 08-cv-2439 <br><br><br> **ORDER AND JUDGMENT** <br> **CONFIRMING ARBITRATION** <br> **AWARD AGAINST** <br> **J.B. INC.** |

This matter having come before the Court on petitioners' motion to confirm arbitration award; this Court having found that respondent is bound to a written Collective Bargaining Agreement which provides for the submission to arbitration of any controversies concerning delinquent payment to petitioner Laborers' Local Union Nos. 472 & 172 and Laborers' Local Union Nos. 472 & 172 Welfare and Pension Funds, and Safety, Education and Training Funds; this dispute having been submitted to an arbitrator who, upon a hearing with proper notice to all parties, entered an award; this Court having jurisdiction to enforce the awards of arbitrators pursuant to 9 U.S.C. §9; the Court having considered the written submissions of petitioners in

45123_3.doc

light of the fact that respondent has not submitted opposition to the motion; and for good cause

shown:

It is on this 25th day of ___June___ 2008, ORDERED as follows:

ORDERED as follows:

1.     The Arbitration Award against J.B. INC., dated February 28, 2008 is hereby

confirmed.

2.     Judgment is hereby entered against respondent, J.B. INC., in favor of petitioners,

Laborers' Local Union Nos. 472 & 172 and Laborers' Local Union Nos. 472 & 173 Welfare and

Pension Funds, and Safety, Education and Training Funds ("Funds") in the amount of

$15,199.02.  This amount is subject to additional interest at the rate of twelve percent (12%) per

annum on the unpaid balance of both contributions and interest for the period such monies

remain outstanding after the date such contributions become due and payable to the petitioner,

Funds.

3.     Judgment is hereby entered against respondent, J.B. INC., in favor of petitioner

Zazzali, Fagella, Nowak, Kleinbaum & Friedman in the amount of $2,980.20 which is twenty

percent (20%) of the original total principal amount due of $14,901.00 to the petitioner Funds, or

shall pay twenty percent (20%) of the adjusted amount shown to be due by the audit ordered

herein plus interest of ten percent (10%) from the date of the Award on any part of the attorneys'

fees awarded that is not paid within thirty days to petitioners' attorneys, Zazzali, Fagella, Nowak,

Kleinbaum & Friedman.

4.     Judgment is hereby entered against Respondent J.B. INC., in favor of petitioners,

Laborers' Local Union Nos. 472 & 172 and Laborers' Local Union Nos. 472 & 172 Welfare and

45123_3.doc

Pension Funds, and Safety, Education and Training Funds ("Funds") in the amount of $1,000.00 for reimbursement of the arbitrator's fee.

5. Based on the foregoing, judgment is hereby entered, and the respondent is ordered to pay the total amount of **$19,179.22.**

6. Respondent, J.B. INC., shall permit the Funds' agents to conduct an audit of the books and records of the respondent.

7. Respondent, J.B. INC., shall pay the petitioners' costs in this action.

8. Respondent, J.B. INC., in accordance with the Arbitration Award, shall pay, as supplementary attorneys' fees, ten percent (10%) of the total amount due to the petitioner Funds in the event that any additional efforts or services are required in order to recover the amounts due on the judgment.

9. Respondent, J.B. INC., shall make all future contributions to the Funds in a prompt and timely manner, as determined by the Funds, and the failure of the respondent to do so shall be deemed a violation of this Order.

10. Respondent, J.B. INC., its president, registered agent, or other authorized corporate official designated by the Funds, shall appear and make discovery on oath and produce documents concerning the property and things in action of the respondent at the offices of Zazzali, Fagella, Nowak, Kleinbaum & Friedman upon ten (10) days notice.

11. The Employer shall produce at that time and place the following documents pertaining to the Employer:

      A. Bank Accounts;

      B. Federal and state tax returns;

      C. Financial statements;

45123_3.doc

D.   Documents evidencing ownership interest in real estate, motor vehicle, any and all equipment, pension, life or profit sharing plans, stocks, bonds, securities or other tangible goods;

E.   Payroll records, accounts receivables and accounts payables;

F.   Any judgments or liens by or against the Employer;

G.   Any and all loans, promissory notes, bills of exchange or commercial paper made by or for the benefit of the Employer.

_____, U.S.D.J.

45123_3.doc